UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE CRAYTON, JR., aka LAWRENCE EDWARD CRAYTON, JR., aka LAWRENCE EDWIN CRAYTON, JR., aka MANNY HARRIS, aka ALEX WINTERS, aka TERRELL MASON, | ) ) ) ) ) ) ) | Case No. CV 08-5619-RC  OPINION AND ORDER |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| J.L. NORWOOD, (Warden) | ) ) | |
| Respondent. | ) ) | |

On August 27, 2008, petitioner Lawrence Crayton, Jr., aka Lawrence Edward Crayton, Jr., Lawrence Edwin Crayton, Jr., Manny Harris, Alex Winters, aka Terrell Mason, a federal inmate confined in this judicial district, filed his second purported petition for writ of habeas corpus under 28 U.S.C. § 2241 "challenging an expired prior state conviction that was used to enhance [petitioner's] current federal sentence" on the ground he is actually innocent of this prior conviction.  Petition at 1.

//

**BACKGROUND**

On November 13, 2001, in United States District Court for the Western District of Kentucky case no. 3:98 CR 0091-JGH ("Crayton I"), a jury convicted petitioner of conspiracy to possess cocaine with intent to distribute, attempt to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(i) and 846, and petitioner was sentenced to three concurrent life terms of imprisonment.[1] United States v. Crayton, 357 F.3d 560, 562 (6th Cir. 2004). The Sixth Circuit affirmed petitioner's convictions and sentence in a published opinion filed February 5, 2004, Crayton, 357 F.3d at 574, and the United States Supreme Court denied certiorari on June 14, 2004. Crayton v. United States, 542 U.S. 910 (2004).

On July 29, 2005, in the District Court for the Western District of Kentucky, petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on ineffective assistance of trial and appellate counsel grounds, and that motion was denied on October 5, 2005. Crayton v. United States, 2005 WL 2457946, *1-5 (W.D. Ky.) (unpublished disposition).

On July 14, 2006, petitioner filed Crayton II, his first purported habeas corpus petition under Section 2241 challenging the prior state court convictions used to enhance his current federal

---

[1] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the docket sheet and related documents in Crayton I and two prior habeas actions petitioner has filed: Crayton v. Norwood, case no. CV 06-4439-SVW(RC) ("Crayton II") and Crayton v. Norwood, case no. 07-3700-SVW(RC) ("Crayton III").

2

sentence on the grounds that he was never advised: he could appeal his guilty or nolo contendere plea, he had a right to appeal at no cost to him, and defense counsel failed to appeal as requested. On August 28, 2006, Judge Stephen V. Wilson construed the petition as a motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255 and ordered it transferred to the District Court for the Western District of Kentucky. Following transfer, the District Court for the Western District of Kentucky found the petition was a second or successive Section 2255 motion filed without appellate court authorization and transferred it to the Sixth Circuit Court of Appeals, Crayton v. United States, 2007 WL 1031580, *1-2 (W.D. Ky.) (Unpublished Disposition), which denied petitioner leave to file a second or successive petition on February 14, 2008. In re Crayton, case no. 07-5824 ("Crayton IV").[2]

On June 7, 2007, petitioner filed Crayton III, a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prior 1993 conviction petitioner suffered in Los Angeles County Superior Court case no. YA015129, which was subsequently used to enhance petitioner's current federal prison sentence. However, on June 13, 2007, Judge Wilson summarily dismissed Crayton III for lack of jurisdiction because petitioner was no longer in custody under this prior 1993 state court conviction. Id.

//

//

---

[2] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the docket sheet and related documents in Crayton IV.

3

**DISCUSSION**

The Court, having reviewed the pending petition, has determined it is a second or successive motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). In making this determination, the Court has considered whether the pending action comes within Section 2255's "savings clause," and, for the reasons discussed below, has determined it does not.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir.), cert. denied, 129 S. Ct. 254 (2008). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. Hernandez, 204 F.3d at 864. The distinction between a motion to vacate, set aside or correct a sentence under Section 2255 and a habeas corpus petition under Section 2241 affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. Id. at 865. Section 2255 motions must be heard in the district court in which the federal

prisoner was convicted and sentenced, whereas habeas corpus petitions under Section 2241 may be heard in the district court in which the federal prisoner is confined.  Id.

Although petitioner is currently confined in this judicial district, and this Court has jurisdiction to hear a habeas corpus petition under Section 2241, the claim petitioner raises in this action directly challenges the legality of his current federal sentence, and such challenge is presumptively cognizable only in a Section 2255 motion to vacate sentence, which must be filed in the District Court for the Western District of Kentucky.  Nevertheless, Section 2255 has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897.  The petitioner has the burden of demonstrating Section 2255 is "inadequate or ineffective."  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The "inadequate or ineffective" exception is "narrow[,]" Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997), and "the general rule . . . is that the ban on unauthorized second or successive petitions does not per se make a § 2255 'inadequate or ineffective.'"  Stephens, 464 F.3d at 898 (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)); see also Ivy, 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective'

merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. . . ." (citation omitted)). However, "a motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison, 519 F.3d at 959 (citation omitted); Stephens, 464 F.3d at 898. "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898 (citation omitted). To determine "whether a petitioner had an unobstructed procedural shot to pursue his claim, [the Court asks] whether petitioner's claim 'did not become available' until after a federal court decision." Harrison, 519 F.3d at 960 (quoting Stephens, 464 F.3d at 898). That is, the Court must consider: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

As an initial matter, since petitioner's claim of "actual innocence" challenges his sentence and a prior state court conviction used to enhance his sentence, rather than the offenses of which petitioner was convicted, the claim "is not, by itself, a claim of actual innocence." Stephens, 464 F.3d at 899. Moreover, due to the nature of petitioner's claim, and its challenge to only petitioner's sentence as opposed to his convictions, petitioner cannot show, as he must, that "'it is more likely than not that no reasonable juror would

6

have convicted him.'" Id. at 898; see also Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) ("[B]ecause [petitioner] does not attack his conviction and his claim challenges only the validity of his sentence [petitioner's] § 2241 petition does not fall within the savings clause of § 2255. . . ."); Talbott v. Holencik, 2009 WL 322107, *7-8 (C.D. Cal.) (federal habeas petitioner's claim of being "actually innocent of being an 'armed career criminal'" fails to show Section 2255 is "inadequate or ineffective" since petitioner does not challenge legality of conviction); Coles v. United States, 177 F. Supp. 2d 710, 713 (N.D. Ohio 2001) ("Petitioner's claim of innocence relates to a sentencing factor . . . as opposed to the underlying, substantive crime, for which Petitioner is serving his current sentence. Consequently, Petitioner's § 2241 claim of 'actual innocence' does not fall within the meaning of the savings clause of § 2255. . . . Therefore, Petitioner has not demonstrated that the remedy afforded pursuant to § 2255 is inadequate or ineffective, and, hence, is not entitled to relief under § 2241." (citation omitted)).

Further, petitioner cannot show that he did not have an unobstructed procedural shot to pursue his claim. Petitioner's contention that he did not have an unobstructed procedural shot to pursue his claim is based on 21 U.S.C. § 851(e), which bars a convictee from "challeng[ing] the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." However, petitioner misapprehends the meaning of "unobstructed procedural shot to pursue his claim." Section 851(e) was enacted in 1970 and has remained unchanged since that time. See, e.g., United States v.

1  <u>Davis</u>, 36 F.3d 1424, 1438-39 (9th Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S.
2  1171 (1995).  Thus, it was in effect in 1993, when petitioner was
3  convicted in state court, and nothing has occurred since petitioner's
4  sentencing to change Section 851(e)'s effect on petitioner.  In other
5  words, this statute cannot be the legal basis for petitioner's
6  contention that he did not have an unobstructed procedural shot to
7  pursue his claim of actual innocence since Section 851(e) arose before
8  petitioner "had exhausted his direct appeal and first § 2255 motion,"
9  rather than afterward.  Nor has petitioner shown the law changed in
10 any relevant way following his initial § 2255 motion.  Thus, Section
11 851(e) provides no basis for applying Section 2255's savings clause.

13     Petitioner also contends that he has not had an unobstructed
14 procedural shot to pursue his actual innocence claim because "he was
15 exhausting his state court remedies during the one year he had to
16 submit a timely § 2255 motion[.]"  Petition at 7.  This argument is
17 without factual basis, however, since petitioner's first § 2255 motion
18 was not filed in 2005 -- almost four years after his federal
19 conviction, and twelve years after his state court conviction.  Yet,
20 petitioner does not explain why he did not diligently pursue a
21 challenge to the 1993 state conviction during those twelve years.  <u>Cf.</u>
22 <u>Daniels v. United States</u>, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583,
23 149 L. Ed. 2d 590 (2001) ("If . . . a prior conviction used to enhance
24 a federal sentence is no longer open to direct or collateral attack in
25 its own right because the [petitioner] failed to pursue those remedies
26 while they were available (or because the [petitioner] did so
27 unsuccessfully), then the [petitioner] is without recourse.").  There-
28 fore, petitioner "cannot establish that he 'has not had an unobstruct-

ed procedural shot' at presenting his claim," and he "cannot qualify for the escape hatch." Harrison, 519 F.3d at 898 (citation omitted).

For all these reasons, this Court finds the pending action is a motion to vacate sentence under Section 2255, and not a habeas corpus petition under Section 2241, and, as such, this Court does not have jurisdiction to consider petitioner's Section 2255 motion. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move **the court which imposed the sentence** to vacate, set aside or correct the sentence." (emphasis added)). This action, thus, should be summarily dismissed for lack of jurisdiction.

**ORDER**

**IT IS HEREBY ORDERED** that the pending action be construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 and, as such, Judgment shall be entered summarily dismissing the motion for lack of jurisdiction.

The Clerk of Court is ordered to serve this Opinion and Order and Judgment on the parties.

DATE:  April 21, 2009              /S/ ROSALYN M. CHAPMAN
                                       ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-5619.mdo
4/21/09